Dargan, Chancellor,
delivered the opinion of the Court.
The circuit decree adjudged the ulterior limitations in Edward Tonge’s will to be valid as to the personal estate, and that, on the death of John Withingham Sommers, without *57 issue living at his death, the next in succession, James D. Sommers, was entitled to take the said personal property, by way of executory devise. On the question as to how the personal estate was to be distributed, and who were to take as the distributees of James D. Sommers, the Circuit decree adjudged that those persons were to be regarded as his distribu-tees who would fall within that description at the period of his death. And, accordingly, U was ordered and decreed, that distribution of-the said personal estate should be made among his distributees (parties to the bill), who would represent that character at the time of his death, and his pr her legal representatives.
This Court fully concur with the Chancellor in the views he has taken of that branch of the,case, and for the reasons which he has given. It is, therefore, ordered and decreed that,.in these respects, the decree of the Circuit Court be affirmed.
Subsequently to the hearing o'f the cause, and the filing of thé decree, the complainant, by the' consent of parties, has amended .his bill. In the amended bill, the complainant has raised the question whether those parties, who now represent ■the interests of the late Mrs. McDow, (who was the widow of James D. Sommers) are entitled to any part of the estate devised, under the will of Edward Tonge, and novv decided to belong to, and ordered to be distributed as a part of, the estate of the said James D. Sommers. It is urged by the complainant, and by some of tile defendants, who are adverse in iuterest to the representatives of Mrs. McDow, that the representatives of Mrs. McDow'are not entitled to a distributive share of said estate, because, on the death of her husband, James D. Sommers, she took her dower in his real estate. It is contended that she hás elected, or, at all events, her having taken her dower must be regarded as a satisfaction of any claim on her part under the Statute of distributions. It is scarcely necessary to remark that this Court does' not possess original, but only appellate jurisdiction. And, in the amended bill, new questions of law and fact are raised, which have never been heard or decided by the Circuit Court. -How can this Court entertain a question which is not brought before it as an appeal? To do so would be utterly to co'n-, found and obscure all the distinctions between the original and appellate jurisdiction of this Court. Yet, as the parties have consented to an amendment of the bill, in which these new issues of law and fact are made, there is no indisposition, on the part of the Court, that those issues should be fairly tried in the proper forum. It is therefore ordeied that this part of the case be remanded to the Circuit Court for a hearing. In regard to the construction of the will of Edward Tonge, as to the real estate, and as to what estate James *58 Boone Perry took in said estate under said will, whether he took a fee conditional therein, and, if so, whether there could be a limitation thereon, by way of executory devise, to John Withingham Sommers — and, if he died without issue, to James W. Sommers — it is thought advisable that the case be referred to the Court of Errors, and it is so ordered and directed.
In all other respects, the Circuit decree is affirmed, and the appeal is dismissed.
Dunkin, Caldwell and Johnston, CC., concurred.

Decree modified.